1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE PERRYMAN, | ) 1:09-CV-01886 LJO MJS HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATION |
| | ) OF DISMISSAL OF PETITION FOR WRIT |
| v. | ) OF HABEAS CORPUS |
| | ) |
| STEVE TREVINO, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition, filed October 27, 2009, raises claims relating to the California Department of Corrections (CDR) classification committee's denial of family visitation privileges to Petitioner.  (Court Doc. 1,  at 5.)

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

2  dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

3  dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

4  were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

5  B.  Failure to State a Cognizable Federal Claim

6          The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

7  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

8  he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

9
10         The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
           entertain an application for a writ of habeas corpus in behalf of a person in
           custody pursuant to a judgment of a State court *only on the ground that he is in*
11         *custody in violation of the Constitution or laws or treaties of the United States*.

12  (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States

13  District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

14  person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484, 93

15  S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

16         A writ of habeas corpus is not a proper vehicle to challenge conditions of confinement

17  unrelated to the very fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 855 (9th

18  Cir. 2003) (quoting Preiser, 411 U.S. at 500). Conversely, a § 1983 action is a proper remedy for a

19  state prisoner to constitutionally challenge the conditions of his prison life, but not  the fact or length

20  of his custody. Ramirez, 334 F.3d at 855 (quoting Preiser, 411 U.S. at 499). Where a Petitioner seeks

21  to challenge the conditions of his confinement, his claims are cognizable in a civil rights action

22  rather than a habeas corpus action. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to

23  conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights

24  action rather than a habeas corpus petition).

25         In this case Petitioner is not challenging the fact or duration of his confinement.  Visitation

26  rights relate to a condition of confinement. See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454,

27  460-461, 109 S. Ct. 1904, 36 L. Ed. 2d 506 (1989) ("The denial of prison access to a particular

28  visitor is well within the terms of confinement ordinarily contemplated in a prison sentence, and

1   therefore is not independently protected by the Due Process Clause." (citation omitted.)).

2   Accordingly, Petitioner is not entitled to habeas corpus relief, and this petition should be dismissed.

3   If Petitioner wants to pursue his claims, he must do so by way of a civil rights complaint.

4   C.  Conclusion

5       The claim is not cognizable as it does not challenge the legality of Petitioner's custody.

6   Therefore, the petition should be dismissed.

7                                   **RECOMMENDATION**

8       Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus

9   be DISMISSED and the Clerk of Court be DIRECTED to enter judgment and close the case.

10      This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill

11  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

12  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

13      Within fourteen (14) days after being served with a copy of this Findings and

14  Recommendation, Petitioner may file with the court written objections  captioned "Objections to

15  Magistrate Judge's Findings and Recommendation."  Failure to file objections within the specified

16  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

17  Cir. 1991).

18

19

20  IT IS SO ORDERED.

21  **Dated:    May 28, 2010**              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28